UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] GARY HOLLINGSHED,<br>[2] TARA HOLLINGSHED,<br>[3] N.H. BY AND THROUGH GARY<br>and TARA HOLLINGSHED<br><br>      Plaintiffs,<br>vs.<br><br>[1] NOWATA PUBLIC SCHOOLS,<br>[2] BOARD OF EDUCATION OF<br>INDEPENDENT SCHOOL DISTRICT #40<br>[3] Chris Tanner, Superintendent<br>[4] Tracy Mitchell, Clerk, and<br>[5] Robert Gregston, SPED Director<br>[6] James Sexson, Middle School Principal<br>[7] Bron Williams, High School Principal<br><br>      Defendants. | Case No. 4:21-cv-00088-JFH-CDL<br><br>Jury Trial Demanded |

## AMENDED COMPLAINT

COMES NOW the Plaintiffs, Gary Hollingshed and Tara Hollingshed, individually and for and on behalf of their son, N.H., a minor, and for their cause of action and against Nowata Public Schools, the Board of Education of Independent School District #40, Chris Tanner, Tracy Mitchell, Robert Gregston, James Sexson, and Bron Williams allege and state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal claims of this action and in conformity with 28 U.S.C. §§ 1331 and 1343(a). This Court has jurisdiction over the claims arising under the laws of the State of Oklahoma in conformity with 28 U.S.C. § 1367.

2. Venue lies in this district in conformity with 28 USC § 1391(b). All parties reside in this district. Defendants' principal place of business is located in this district. The events giving rise to this action occurred within this District.

## PARTIES

### A. Plaintiffs

3. Plaintiffs, Gary Hollingshed and Tara Hollingshed, are parents of Plaintiff, N.H., a minor. For many years, they have actively sought help from Defendant, Nowata Public Schools, for N.H.'s special needs.

4. Plaintiff, N.H., spent most of the 2019-21 school years as a student in the Nowata Public Schools District. He currently lives in the geographic boundaries of the Defendant, Nowata Public Schools, school district. He suffers from Autism, Obsessive-Compulsive Disorder, Attention-Deficit/Hyperactivity Disorder, Oppositional Defiant Disorder, Impulse Control Disorder, and Phonological Disorder (articulation). As a result of these medical problems, he has received an Individualized Education Program (IEP) from Nowata Public Schools dated October 8, 2019, and as amended on or about December 16, 2020. He has been severely traumatized by Defendants' non-compliance with the IEP. He sees a psychologist regularly. He is now attending the Oklahoma Virtual Charter Academy at home. He cannot be left home alone.

5. Plaintiff, Tara Hollingshed, the mother of N.H., is a certified teacher employed Nowata Public Schools. Because of Nowata's failure to follow the IEP, she in on FMLA as N.H. cannot be left home alone for the Oklahoma Virtual Charter Academy. Her FMLA will soon come to an end. Once FMLA ends in all likelihood she will lose her employment with Nowata Public Schools.

6. Plaintiff, Gary Hollingshed is also a teacher employed Nowata Public Schools. On many

occasions he has had to leave his teaching obligations to work as a Paraprofessional for N.H.

### B. Defendants

7. Defendant, Nowata Public Schools, is an independent school district established in conformity with the laws of Oklahoma. Its official name is Independent School District No. 40, Nowata County, Oklahoma (the District).

8. Defendant, Board of Education of Nowata Public Schools (the Board), controls Nowata Public Schools' compliance with the terms of the Act.

9. Defendant, Chris Tanner, is the Superintendent of Nowata Public Schools. He is the chief officer of the District and is responsible for administering Board policies.

10. Defendant, Tracy Mitchell, is the Clerk of the Board of Education of Nowata Public Schools. She is responsible for recording public policies and facilitating compliance thereto.

11. Defendant, Robert Gregston, is the Nowata High School Special Education Director, and N. H.'s Case Manager.

12. Defendant, James Sexson, is the Middle School Principal, and has been the Administration's representative at the IEP meetings. He is also responsible for making sure the IEP is followed.

13. Defendant, Bron Williams, is the High School Principal. He assigns teachers, aides, and others in the school to various daily duties and responsibilities during the school year.

## STATEMENT OF FACTS

14. N.H. received an Individualized Education Program (IEP) in conformity with Title 70 O.S. § 13-101 *et seq*. on October 8, 2019, with an anniversary date of October 8, 2020. A copy is attached hereto, incorporated by reference and marked Exhibit 1.

15. On or about October 8, 2020 a new IEP was written with an anniversary date of January 5, 2021. A copy is attached hereto, incorporated by reference and marked Exhibit 2.

16. During the time the IEPs were in effect, the Defendants, individually and collectively, refused to follow the IEPs in one or more of the following particulars:

    a. the Paraprofessional (Para) was removed from N.H. and used as a substitute teacher on several occasions;
    b. N.H.'s Para was not in his class with him at all times;
    c. N.H. was allowed to walk the halls of the school without his Para;
    d. N.H. was alone in class transitions;
    e. N.H.'s Para did not show up in his class;
    f. N.H. was not provided individualized testing;
    g. N.H. was not allowed to use the quiet room (calm down);
    h. N.H. was removed from the quiet room and ordered to the principal's office and without his Para;
    i. N. H. was not allowed to use the work room for completion of his work.

17. Plaintiff, Tara Hollingshed, made written complaints to the appropriate parties at the District regarding the District's violating the IEP.

18. At all times material hereto, Defendants, individually and collectively, refused to promptly respond in a reasonable time to the written complaints from Tara Hollingshed.

19. At all times material hereto, Defendants, individually and collectively refused to correct deficiencies in their approach to the IEPs .

20. As a result of Defendants' failure to follow the IEPs N.H. has been severely traumatized, and now suffers physical and emotional problems over and above those mentioned above.

21. As a result of Defendants' failure to follow the IEPs, N.H.'s psychologist is now treating the trauma sustained by N.H. as a result of Defendants' failure to provide N.H. the care, treatment and supervision due him under the terms and conditions of the IEPs.

22. As a result of Defendants' failure to follow the IEPs, N.H. is at home receiving education from Oklahoma Virtual Charter Academy under the supervision of Tara Hollingshed.

23. As a result of Defendants' failure to follow the IEPs N.H. cannot be left alone at home.

24. Plaintiff, Tara Hollingshed, is currently on FMLA.  Her FMLA will soon expire, and she will lose her employment at Nowata Public Schools as N.H. cannot be left alone at home.

## COUNT I
## Violation of United States Constitution
## Fourteenth Amendment; Equal Protection
## (42 USC § 1983)

25.  Defendants, acting under color of state law, have deprived and threaten to continue to deprive Plaintiffs of their right to equal protection of the laws - as secured by the Fourteenth Amendment to the United States Constitution - by discriminating against them on the basis of the disabilities of their child without rational basis.

## COUNT II
## Violation of United States Constitution
## Fourteenth Amendment; Equal Protection
## (42 USC § 1983)

26.  Defendants, acting under color of state law, have deprived and threaten to continue to deprive Plaintiffs of their right to property without due process of law by refusing to honor their entitlement to compliance with the IEP granted by state law that places substantive non-discretionary obligations on officials, thus denying them property guaranteed to them without due process of law.

## COUNT IV
## Violation of United States Constitution
## Fourteenth Amendment; Equal Protection
## (42 USC § 1983)

27.  Defendants, acting under color of state law, have deprived and threaten to continue to deprive Plaintiffs of their right to liberty without due process of law by denying them the rights

guaranteed to them by duly enacted law for exercising their constitutional right to direct the upbringing and education of their child, and by impermissibly interfering with their liberty to direct the upbringing and education of their child.

## COUNT V
### Violation of Americans with Disabilities Act, Title II
### (42 USC § 12133)

28. Defendants, governmental entities, acting under color of state law, have discriminated against and continue to discriminate against the Child Plaintiff by refusing to accommodate his disabilities as described in the IEPs.

## COUNT VI
### Violation of Oklahoma Constitution
### Article 2, Section 7: Due Process

29. Defendants have deprived Plaintiffs of their right to property without due process of law by refusing to honor and follow the IEP's in place for the benefit of N. H.

## COUNT VII
### Violation of Oklahoma Constitution
### Article 2, Section 7: Equal Protection
### Discrimination on the Basis of Disability

30. Defendants, acting color of state law, have deprived Plaintiffs of their right to equal protection of the laws-as secured by Article 2, Section 7 of the Oklahoma Constitution-by discriminating against them on the basis of the disabilities of their child without a rational basis.

## COUNT VIII
### Violation of Oklahoma School Code of 1971, Article 5
### Title 70 O. S. § 5-101 et seq.
### (Title 70 O. S. § 5-117)

31. Defendants have exceeded the powers granted to them by the statutes of the State of Oklahoma, that authorizes them to make rules, "not inconsistent with the law". Their *ultra vires* actions have harmed and continue to harm Plaintiffs.

**WHEREFORE**, Plaintiffs request that this Court grant the following relief:

1. A declaration that Defendants' actions violate the United States and Oklahoma Constitutions, state and federal statutes;
2. A permanent injunction requiring Defendants to comply with the law and follow the IEP;
3. Appointment of a permanent auditor to see that the Defendants comply with the law and performance of an IEP;
4. Medical treatment for N.H.;
5. Compensatory damages;
6. Place Nowata Independent School District No. 40 under Federal supervision for compliance with IEPs until N.H. reaches 21 years of age or is graduated;
7. Costs and attorney fees; and
8. Such other and further relief that the Court may deem appropriate.

Dated this 3rd day of March, 2021.

                               **GIBBS ARMSTRONG BOROCHOFF, P.C**

                               */s/ Harlan S. Pinkerton, Jr.*
                               George Gibbs, OBA #11843
                               Harlan S. Pinkerton, Jr., OBA #7164
                               601 South Boulder Ave., Suite 500
                               Tulsa, OK 74119
                               Telephone: (918) 587-3939
                               Facsimile: (918) 582-5504
                               ggibbs@gablawyers.com
                               hpinkerton@gablawyers.com

                               **ATTORNEYS FOR PLAINTIFFS**